**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5211

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES GOLLICK,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.  David A. Faber, Chief
District Judge.  (1:03-cr-00160)

Submitted:  November 21, 2007        Decided:  December 11, 2007

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sante E. Boninsegna, Jr., Pineville, West Virginia, for Appellant.
John J. Frail, OFFICE OF THE UNITED STATES ATTORNEY, Charleston,
West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Gollick pled guilty to possession with intent to distribute a quantity of oxycodone, also known as oxycontin, in violation of 21 U.S.C. § 841(a)(1) (2000), and the district court sentenced him to eighty-seven months in prison and three years of supervised release. On appeal, we affirmed Gollick's conviction, vacated his sentence, and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). On remand, the district court resentenced Gollick to seventy months in prison and three years of supervised release. Gollick's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court erred in sentencing to him to seventy months based on its determination of drug weight following conversion of the pills attributed to him to marijuana for sentencing purposes, and the increase in his sentence based on Blakely v. Washington, 542 U.S. 296 (2004). Gollick was advised of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Although the guidelines are no longer mandatory, they must still be consulted and taken into account when sentencing. Booker, 543 U.S.

at 264. An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Issues not raised in the district court are reviewed for plain error. Hughes, 401 F.3d at 547.

When sentencing, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence, especially a sentence outside the range. Green, 436 F.3d at 455-56. A sentence within a properly calculated range is presumed to be reasonable. Id. at 457; see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption). This presumption can only be rebutted by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

At Gollick's initial sentencing, the district court determined his base offense level was twenty-eight under U.S. Sentencing Guidelines Manual § 2D1.1(c) (2001) after adopting findings in the presentence report that he was responsible for 3100 eighty-milligram oxycontin tablets. With a three-level reduction

for acceptance of responsibility and criminal history category III, Gollick's guideline range was seventy to eighty-seven months. Although Gollick did not object to the presentence report, we concluded his silence did not constitute an admission under <u>Booker</u> and the district court plainly erred by sentencing him under the mandatory guidelines based on its findings. On remand, we directed the district court to first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination, and then to consider that range along with the other § 3553(a) factors when imposing a sentence.

At the resentencing hearing, the district court noted it was under direction to calculate the guideline range by finding drug quantities by a preponderance of the evidence and to impose a sentence that was reasonable under the circumstances of the case, taking the guidelines into consideration and recognizing the fact that the guidelines were no longer mandatory. Gollick requested a recalculation of the guideline range based only on the ninety and one-half pills seized from him, contending the Government's other evidence was hearsay and he never had an opportunity to cross examine any of the people on which the original presentence report was based. Gollick did not, however, testify or provide any other evidence or argument specifically challenging the number of pills or weight of the drugs attributed to him in the presentence report. The Government argued that in addition to the pills seized from

Gollick, the relevant conduct was largely based on his own statements. Further, if Gollick did in fact challenge relevant conduct, the Government would question whether he would be entitled to a reduction for acceptance of responsibility.

The district court overruled Gollick's objection and adopted its factual findings and guideline calculations from the original sentencing. Therefore, Gollick's advisory guideline range was seventy to eighty-seven months. The court then heard argument as to where Gollick should be resentenced. Gollick's counsel requested the bottom of the range, based on his considerable efforts to reform himself since his original sentencing and the fact that seventy months was sufficient punishment for the charge. Gollick apologized to the court for his behavior during the last sentencing hearing, and to his family and others affected by his bad choices while he was involved with drugs. The district court resentenced Gollick to seventy months. The court explained it had reduced his sentence from the top of the guideline range to the bottom, because the court was impressed with the progress he had made, as evidenced by the materials he submitted documenting the programs he had completed, as well as his change in attitude.

In the <u>Anders</u> brief, counsel questions whether the district court erred in determining the drug weight for sentencing purposes and increasing his sentence based on that calculation, but he concludes that the guideline range was properly calculated. He

also notes that Gollick's sentence on remand was reduced seventeen months from his original sentence. Based on our review of the record, we conclude the district court did not clearly err in adopting its previous findings regarding relevant conduct based on a preponderance of the evidence, and the court properly calculated the guideline range. We further conclude that Gollick's sentence at the bottom of the range was reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>